IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Sarah C. Mozingo and Mary S. Mozingo,

    Plaintiffs,

vs.                    Case No. 10-4149-JTM

Trend Personnel Services and Dan W. Bobst,

    Defendants.

MEMORANDUM AND ORDER

Before the court is defendants Trend Personnel Services and Dan Bobst's Motion to Dismiss for Improper Venue (Dkt. No. 7). Based on the following analysis, the court denies the motion.

**I. Factual Background**

On July 10, 2000, Trend Personnel Services (Trend Personnel), a Texas corporation, hired Samuel Mozingo to work as an Account Representative in its Dallas office. Dan W. Bobst is the President and CEO of Trend Personnel and lives in Rockwall, Texas. Mr. Mozingo and Trend Personnel entered into an Employment, Non-Competition and Non-Disclosure Agreement (Employment Agreement) on June 20, 2005. The Employment Agreement contained the following forum-selection clause:

> This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Texas. Further, Employee stipulates that Rockwall County, Texas, is exclusively where venue will lie for *any dispute relating to or arising out*

*of this Agreement of Employee's employment with the Company*. Employee submits to the exclusive jurisdiction and venue of Rockwall County State Court.

(Dkt. No. 8, Ex. B, pg. 8) (emphasis added). Prior, in 2003, Trend Personnel established a plan to provide life insurance policies to its employees. Under the plan, Trend Personnel paid all the premiums. Mr. Mozingo obtained a life insurance policy though the company in the amount of $250,000, designating plaintiffs Sarah Mozingo and Mary Mozingo as beneficiaries.[1]

Mr. Mozingo stopped working for Trend Personnel on October 15, 2007. In connection with his separation from the company, he and Trend Personnel entered into an agreement, which provided:

> I, Sam Mozingo, agree that I will not verbally or in writing solicit or make contact with any client and/or accounts that I learned about or was involved with during my term with Trend Personnel Services. I also agree that I will not relay verbally or in writing any information regarding these clients/accounts to any third party who is not currently employed by Trend Personnel Services. This agreement will remain in effect for one year from the date this agreement was signed below.
>
> In the event that I break the terms of this agreement, I understand that Trend Personnel will take legal action against me. I will also forfeit all rights and benefits to the Life Insurance policy created by Trend Personnel Services.

(Dkt. No. 8, Ex. C). Mr. Mozingo fulfilled his obligation under the agreement.

In 2008, Mr. Mozingo moved to Lawrence, Kansas and was soon diagnosed with cancer. On May 8, 2009, he emailed Bobst requesting information about his life insurance policy. The two exchanged several emails over the next four months, but Bobst never sent Mr. Mozingo any information regarding the life insurance policy. On or around October 12, 2009, Mr. Mozingo

---

[1] The provisions of the life insurance plan, the purported ERISA document in this case, are not before the court, and the court is without knowledge about whether the ERISA document contains or does not contain a forum selection clause.

received a letter from the insurance company informing him the policy had lapsed. Mr. Mozingo has since died and plaintiffs have filed the current action alleging: Failure to pay benefits in violation of ERISA; breach of fiduciary duty in violation of ERISA; breach of contract in violation of state law; breach of fiduciary duty in violation of state law; and fraudulent concealment in violation of state law.

**II. Legal Standard: 12(b)(3) Motion to Dismiss for Improper Venue**

This court considers a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). *See Riley v. Kingsley Underwriting Agencies. Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992). A federal court determines the application of a forum selection clause under federal law. *Streit v. Snap-On Equip., Inc.*, No. 10-4086, 2010 WL 5058540, at *3 (D. Kan. Dec. 6, 2010). Forum selection clauses are prima facie valid and should be enforced unless the resisting party shows the clause is unreasonable under the circumstances. *Id.*; *see also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). The plaintiff bears the burden of establishing that venue in this district is proper and all factual disputes are resolved in plaintiff's favor. *Streit*, 2010 WL 5058540, at *1. "Freely negotiated forum selection clauses that are 'unaffected by fraud, undue influence, or overweening bargaining power' are enforceable." *Id.* at *3 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)). However, a plaintiff may "avoid its [forum selection clause] enforcement by showing that enforcement would be unreasonable or unjust, that the clause is a product of fraud or overreaching, or that the forum chosen in the clause is gravely inconvenient for the trial of the action." *Johnson v. N. States Power Co.*, No. 99-2394, 2000 WL 1683658, at *3 (D. Kan. Nov. 2, 2000) (citing *M/S Bremen*, 407 U.S. at 15-16). Mere inconvenience alone is not

3

enough, a plaintiff "must meet the heavy burden of showing that 'the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Id.* at *4 (quoting *M/S Bremen*, 407 U.S. at 18). An enforceable forum selection clause must "clearly confine litigation to specific tribunals at the exclusion of all others." *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 582 (10th Cir. 1997).[2]

**III. Analysis**

On February 17, 2011, defendants filed this motion arguing plaintiffs suit must be dismissed for lack of proper venue. Defendants contend the forum selection clause in the Employment Agreement requires this suit be filed in Rockwall County, Texas state court. Plaintiffs contend: (1) the forum selection clause is not contained in an ERISA plan document, thus, unenforceable in this action; (2) the claims asserted in the lawsuit do not arise out of the Employment Agreement; (3) the plaintiffs are not signatories to the Employment Agreement; and (4) Bobst did not sign the Employment Agreement. The issue to be decided is whether venue in the district is proper or should be dismissed because Rockwall County, Texas is the proper venue.

*A. Applicability of the Forum Selection Clause*

Because plaintiffs bear the burden of proving venue in this district is proper, the court will first consider plaintiffs' arguments that the forum selection clause is inapplicable as it is not contained in an ERISA plan document and that the claims asserted do not arise out of the

---

[2]Forum selection clauses can be mandatory or permissive. *See Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318, 321 (10th Cir. 1997). There is no question in this case that the clause is mandatory because it states the action "exclusively" must be brought in Rockwall County, Texas state court.

Employment Agreement. Plaintiffs contend the forum selection clause is inapplicable because it is located in the Employment Agreement, not the ERISA document, and only applies to claims arising out of or relating to the Employment Agreement.

Both of the parties rely heavily on this court's decision in *Sharp v. Wellmark, Inc.* 2010 WL 4291644. In *Sharp*, the defendants brought a motion to dismiss based on a forum selection clause contained in an original ERISA plan. The forum selection clause expressly required any action brought under the ERISA certificate to be litigated in Iowa state or federal court. The parties had also entered into a settlement agreement containing no forum selection clause. The claims at issue in the case concerned interest payments resulting from an earlier payment of ERISA benefits and did not concern the settlement agreement. As such, the court found the claim was an ERISA action and that the forum selection clause contained in the ERISA certificate governed the dispute. The court specifically held:

> The [Plaintiffs'] present action for interest is brought because their previous claim under their ERISA certificate, since without their previous claim and the resulting payment of ERISA benefits they would have no present claim for interest. Consistent with the court's earlier analysis of plaintiff's claim when determining the issue of preemption, the court finds that this case is 'an action brought because of a claim under the parties' ERISA certificate, within the meaning of that phrase in the forum selection clause. Thus, the Court finds that the present action falls within the scope of the language in the forum selection clause.

*Sharp*, 2010 WL 4291644, at *2 (alterations added). The court transferred the case to United States District Court for the Southern District of Iowa. Key to the court's analysis was the fact that the forum selection clause was contained in the ERISA certificate and that plaintiffs' claims arose out of that certificate. *See id.* at *1-2 (citing *Xantrex Tech., Inc. v. Advanced Energy Indus., Inc.*, No. 07-cv-02324, 2008 WL 2185882, at *7 (D. Colo. 2008); *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209)

5

(7th Cir. 1993) ("Regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action.")). Even though the *Sharp* court agreed with defendants that the forum selection clause applied and transferred the case to Iowa, the court's analysis is apposite to plaintiffs' position here.

Here, the forum selection clause expressly limits its applicability to "any dispute relating to or arising out of this Agreement of Employee's employment with the Company." (Dkt. No. 8, Ex. B, pg. 8). Contrary to what defendants would have this court believe, the claims do not relate to Employment Agreement. The Employment Agreement does not mention or provide for life insurance. The only reference to life insurance in the documents before the court is contained in a separate non-competition agreement signed by the parties on October 15, 2007. Plaintiffs' ERISA claims relate only to alleged violations of ERISA based on the life insurance policy defendants provided to Mr. Mozingo. Additionally, plaintiffs' state law claims arise from Mr. Mozingo's interactions with Trend Personnel and Mr. Bobst regarding the life insurance policy after defendants terminated his employment. That defendants provided Mr. Mozingo with a life insurance plan resulting from his employment with Trend Personnel, does not mean claims relating to the plan are governed by the forum selection clause contained in the Employment Agreement, which is unrelated to the life insurance plan.

Defendants cite two other cases supposedly supporting their position. However, much like *Sharp*, these cases also involved a forum selection clause contained in an ERISA document concerning claims arising out of that document, thus, these cases do not support defendants' position. *See Rogal v. Skilstaf, Inc.*, 446 F. Supp.2d 334, 335, 337-38 (E.D. Pa. 2006) (holding forum selection clause in ERISA documents required transfer of venue in ERISA action); *Schoemann ex rel.*

6

*Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp.2d 1000, 1006-07 (D. Minn. 2006) (holding forum selection clause in ERISA plan document required transfer of case from Minnesota to New York when the case arose out of and related to the ERISA plan).

The court recognizes the presumptive validity of forum selection clauses when applied to particular contract and certain non-contract actions. *See Sharp*, 2010 WL 4291644, at *1 ("Where claims are intertwined with the underlying obligations in the contract which contains the forum selection clause, the clause may apply even to tort claims."); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 596-97 (1991). Nevertheless, that presumption exists only to the extent the claims arise, at least in part, out of the document containing the forum selection clause. *See Sharp*, 2010 WL 4291644, at *1-2; *see also Your Town Yellow Pages, L.L.C. v. Liberty Press, L.L.C.*, No. 3:09-CV-0605-D, 2009 WL 3645094, at *5 (N.D. Tex. Nov. 2, 2009) (holding forum selection clause contained in Credit Agreement inapplicable because the claims, trademark infringement and unfair competition, among others, did not arise under the agreement). Because these claims do not arise out of the Employment Agreement containing the forum selection clause, the clause is inapplicable and the court need not address plaintiffs' other arguments contesting the applicability of the clause.

IT IS ACCORDINGLY ORDERED this 25th day of May 2011, that Defendants' Motion to Dismiss for Improper Venue (Dkt. No. 7) is denied.

                                                  s/ J. Thomas Marten
                                                  J. THOMAS MARTEN, JUDGE